Christopher P. Burke, Esq.
Nevada Bar No.: 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor

ECF Filed on 3/18/26

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:

MI SHEN GOLDBERG,

Debtor.

Case No.: 25-15215-MKN

Chapter 13

Hearing Date: March 25, 2026
Hearing Time: 2:30 p.m.

**RESPONSE TO OBJECTION TO CHAPTER 13 PLAN AND MOTION TO DISMISS CHAPTER 13 CASE**

COMES NOW, Debtor, Mi Shen Goldberg ("Goldberg" or "Debtor"), in Response to Creditor, Rebel Oil Company, Inc's ("Rebel") Objection to Chapter 13 Plan and Motion to Dismiss Chapter 13 Case, Motion to Dismiss Debtor's Voluntary Petition for Bankruptcy (Dkt. #56).

**A.    Goldberg's Chapter 13 has been Filed and Proceeded in Good Faith**

At the onset, Chapter 13 Trustee Leavitt ("Trustee") was prepared to, and has agreed to confirm Goldberg's Plan No. 2.  In contrast, Rebel rode the Trustee's opposition until she was satisfied with Goldberg's proposed plan, with some amendments, and only then, five (5) months after Goldberg's filing, did Rebel make its own objection. In it, Rebel makes about a half-dozen  arguments.  But, as shown below, none leads to the dismissal of Goldberg's Chapter 13 or denial of her plan confirmation.

1

# I

## Argument

### A.    Goldberg's plan should be confirmed

First, Rebel complains about "Debtor's initial failure to file any schedules" (Object p. 7, ln. 27).  However, Rebel ignores that Goldberg, as any debtor, has fourteen (14) days after filing to complete their schedules.  Fed.R.Bankr.P. 1007(c)(1).  Thereafter, Goldberg received Court permission to extend that time (Dkt.#32).  Fed.R.Bankr.P. 1007(a)(5). There is nothing unusual about that.

Second, Rebel complains that Goldberg has more disposable income than her plan payments propose. However, Rebel's argument fails, because part of Goldberg's household income is Social Security.  And Social Security income is not included in disposable income. 42 U.S.C. §407(a); 11 U.S.C. §101 (10A)(B); *In re Welsh*, 711 F.3d 1120, 1127 n. 28, 1130-31 (9th Cir. 2013).  Thus, not including Social Security income in plan payments is not a lack of good faith. 11 U.S.C. §1325 (a)(2).

Third, Rebel argues that Goldberg was not truthful in her original petition and amendments.  But, Rebel never mentions that Goldberg is from China and English is her second language (Ex. '1'- Declr. M. Goldberg ¶ 5). Thus, having never filed a personal case before, Goldberg answered the best she could.  Further, Goldberg's later amendments are minor changes of little value.

Fourth, Rebel alleges Goldberg is over the debt limits. 11 U.S.C. §109 (h).  Rebel argues that with its attorney fees and interest, its debt puts Goldberg over the Section 109(h) limits. However, Goldberg did not know Rebel's attorney's fee amounts or whether they are even reasonable, prior to filing.  Besides, using this argument, virtually anyone can

state the amount of their claim or attorney fees are of a certain number to push a debtor out of Chapter 13. In actuality, based upon Goldberg's original schedules, she qualifies for Chapter 13. *In re Scovis*, 249 F.3d 975, 982 (9TH Cir. 2001).

Fifth, Rebel complains about some previous bankruptcy filings by Goldberg's husband, Tim Wetzel ("Wetzel"), and a business her name is on, Coronet Ceramics, Inc. (BK 23-11425 and BK 24-15153). However, Goldberg and her husband each have their own legal situations that they are dealing with. Besides, Wetzel last filed a case in 2023, three years ago.

And in noting that Goldberg's business, Coronet Ceramic, Inc. filed Chapter 11, Rebel fails to mention, that it settled its claim with the business in that case. But now seeks to further extract money from Goldberg personally.

Finally, disingenuously, Rebel also filed a Supplement to its late filed objection, and notes that Goldberg lists $3,500 worth of furniture and then compares it to pictures inside the home at 2000 Strada Mia, Las Vegas, Nevada ("Strada Mia") (Dkt. #57 - Supp.). However, what Rebel doesn't state, is that those pictures were from the home *before* Goldberg purchased it. In other words, Rebel put in photos that were made at least six (6) years ago, by the prior owner of Strada Mia (Ex. '1'- Declr. M. Goldberg ¶4). This intentional act by Rebel, overshadows any unintentional mistakes by Goldberg.

**B.      Rebel's Motion to Dismiss Should be Denied**

Rebel adds, that Goldberg's Chapter 13 should be dismissed, because of alleged "repeated false statements and omissions." (Obj. p. 13, ln. 19). Besides being hyperbole, this has previously been addressed and does not provide a basis to dismiss Goldberg's case.

Next, Rebel discusses "[a] history of bankruptcy filings and dismissals." (Obj. p. 14,

ln. 26). But again, this has already been explained. And Rebel admits "this is Debtor's first personal bankruptcy." (*Id*, p. 14, ln. 27). That Goldberg's husband, and a company with her name on it, filed cases, is not a sufficient reason to dismiss Goldberg's bankruptcy.

Further, that Goldberg's petition may have been filed to defeat state court litigation is also *not* a basis for dismissal. In fact, debtors often file bankruptcy to stop lawsuits. Besides, Goldberg was involved in another state court case and has other debt.

Rebel, then goes on a tangent about Goldberg and its state court case against her, that is largely irrelevant to this proceeding. As with the rest of its opposition, Rebel is attempting to make it appear as if Goldberg is the worst debtor in the world, hoping that will gain some traction with the Court.

Finally, Rebel complains about Goldberg's plan and that it doesn't meet liquidation. But in the process, it ignores the fact that virtually all that Goldberg owns is in an irrevocable trust, and has been for years. Thus, liquidation is met.

## II
## Conclusion

Rebel's Motion to Dismiss should be denied. Almost all of its arguments can, and have been, easily answered. Therefore, Goldberg should be permitted to continue with her Chapter 13 and have her plan confirmed. Especially considering Rebel's intentional act of deception on their household goods. In the alternative, an evidentiary hearing should be held.

Dated this 18th day of March, 2026.

/s/Christopher P. Burke, Esq.
Christopher P. Burke, Esq.
Attorney for Debtor

4

# EXHIBIT "1"

Christopher P. Burke, Esq.                          ECF Filed on 3/18/26
Nevada Bar No.: 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Pkwy.
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

In re:                                              Case No.: 25-15215-MKN

MI SHEN GOLDBERG,                                   Chapter 13

                                                    Hearing Date: March 25, 2026
                        Debtor.                     Hearing Time: 2:30 p.m.

**PURSUANT TO 28 U.S.C. §1746 MI SHEN GOLDBERG**
**DECLARES THE FOLLOWING:**

I, Mi Shen Goldberg, being duly sworn on oath, deposes and says:

1. That I am the Debtor in this case.

2. That I filed this Chapter 13 bankruptcy on September 3, 2025.

3. That I have read Rebel Oil Company Inc.'s Supplement to its Objection to Chapter 13 Plan and Motion to Dismiss Chapter 13 Case ("Rebel's Supplement" - Dkt. #57).

4. That the photos of the inside of the home at 2000 Strada Mia, Las Vegas, Nevada, in Rebel's Supplement (Dkt. #57 p. 3-5) are from at least six (6) years ago, prior to buying the home at 2000 Strada Mia, Las Vegas, Nevada.

5. That the furniture in the pictures is not mine, or my husband, Tim Wetzel's and never has been. They are pictures from the prior owner's when they were selling the home.

1

6.    That most of the furniture in the house at 2000 Strada Mia, Las Vegas, Nevada are 20 years old or more.

7.    That I am from China and English is my second language.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: this **18th** day of March 2026.

*Mi Shen Goldberg*
_____
Mi Shen Goldberg

2